**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 25-cv-01497-NYW-KAS

NATHANAEL OWENS,

Plaintiff,

v.

MICHAEL HAZELTON, in his official and individual capacities,
JOHNNY REYES, in his individual capacity,
STEPHEN SEIDEL, in his individual capacity, and
JOHN AND JANE DOES,

Defendants.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathryn A. Starnella issued on July 18, 2026. [Doc. 32]. Judge Starnella recommends that the CDOC Officials' Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss (the "Motion to Dismiss"), [Doc. 17], be granted and that Plaintiff's claims against Defendants Hazelton, Reyes, and Seidel be dismissed without prejudice, [Doc. 32 at 17].

The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the Parties. [*Id.*]; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on July 20, 2026. *See* [Doc. 32].[1] No

[1] The Recommendation is dated Saturday, July 18, 2026, but it was not entered on the Court's docket and mailed to Plaintiff until Monday, July 20, 2026. *See* [Doc. 32]. Therefore, the Court deems it served as of July 20, 2026. The Court further notes that the Recommendation was not returned to the Court as undeliverable.

Party has objected to the Recommendation and the time to do so has elapsed.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[2] Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Based on this review, the Court has concluded that the Recommendation is a correct application of the law to Plaintiff's allegations. Accordingly, the Recommendation is respectfully **ADOPTED**. The Motion to Dismiss is **GRANTED**, and Plaintiff's claims against Defendants Hazelton, Reyes, and Seidel are **DISMISSED without prejudice**.

However, Plaintiff also names "John and Jane Doe" as Defendants in this case, [Doc. 1 at 1], though the Court notes the lack of specific allegations related to the Doe Defendants, *see* [*id.* at 4–5]. "[P]ursuant to Fed. R. Civ. P. 10, a caption to a complaint must include the names of all parties." *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 WL 1597686, at *3 (D. Colo. Apr. 27, 2011), *aff'd*, 456 F. App'x 718 (10th Cir. 2012). The "Federal Rules of Civil Procedure do not explicitly allow the naming of fictitious or anonymous parties in a lawsuit," and for this reason, "'an action may be dismissed if the defendant is not sufficiently identified to permit service of process.'" *Id.* (quoting *Stratton*

[2] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

*v. City of Boston*, 731 F. Supp. 42, 45 (D. Mass. 1989)). And a court "should only allow claims against parties whose names are unknown to proceed 'if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Pearson v. Colo. Dep't of Transp.*, No. 18-cv-02538-KLM, 2019 WL 3550208, at *4 (D. Colo. Aug. 5, 2019) (quoting *Hartley v. Wilfert*, 931 F. Supp. 2d 230, 233 (D.D.C. 2013)).

In the 15 months since this case was filed, Plaintiff has not identified the Doe Defendants, and the Complaint does not contain any allegations that would help identify the Doe Defendants. *See* [Doc. 1]. The Court recognizes that Plaintiff is pro se and has not had the benefit of discovery in this case, but the case cannot meaningfully proceed unless Plaintiff identifies the Doe Defendants. Accordingly, Plaintiff is **ORDERED** to **SHOW CAUSE**, on or before **September 17, 2026**, why his claims against the unidentified Doe Defendants should not be dismissed under Local Rule 41.1 for failure to prosecute and/or failure to comply with the Federal Rules of Civil Procedure. *See* D.C.COLO.LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge . . . may enter an order of dismissal with or without prejudice."). **Plaintiff is advised that if he fails to respond to this Order to Show Cause by the Court's deadline, his claims against the Doe Defendants may be dismissed without prejudice without further notice from the Court.**

Accordingly, it is **ORDERED** that:

(1) The Recommendation of United States Magistrate Judge Kathryn A.

Starnella [Doc. 32] is **ADOPTED**;

(2) The CDOC Officials' Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss [Doc. 17] is **GRANTED**;

(3) Plaintiff's claims against Defendants Hazelton, Reyes, and Seidel are **DISMISSED without prejudice**;

(4) The Clerk of Court is directed to terminate Defendants Hazelton, Reyes, and Seidel as Parties to this case;

(5) On or before **September 17, 2026**, Plaintiff shall **SHOW CAUSE**, in writing, why his claims against the unidentified Doe Defendants should not be dismissed under Local Rule 41.1 for failure to prosecute and/or failure to comply with the Federal Rules of Civil Procedure; and

(6) The Clerk of Court shall mail a copy of this Order to:

Nathanael Owens, #176493
Sterling Correctional Facility (SCF)
P.O. Box 6000
Sterling, CO 80751

DATED: August 20, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge